(4)

FILED
JAN 27 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-39318-C-7 |
| ) | |
| PAVEL PILIPCHUK and ) | MC No. JKB-1 |
| LYUBOV PILIPCHUK, ) | |
| ) | |
| Debtors. ) | |
| _____) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

20

## Findings of Fact

Debtors filed their voluntary chapter 7 petition on October 14, 2005. They scheduled real property commonly known as 7796 Megan Ann Way, Antelope, California ("property") as property of the estate. The first meeting of creditors was held on November 14, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. The court observes that debtors were discharged from all dischargeable debts on January 19, 2006.

On December 16, 2005, Wilshire Credit Corporation ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $520,000. Movant has a lien on the property in the approximate amount of $438,231.49. Other liens against the property total $30,500. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

The automatic stay may be terminated earlier if

1    debtors fail to protect the secured party's interest
2    adequately, § 362(d)(1), and, with respect to a stay of an act
3    against property, debtors do not have equity in the property, §
4    362(d)(2)(A), and the property is not necessary to an effective
5    reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of
6    whether the property is necessary to an effective
7    reorganization is not considered in a chapter 7 case because no
8    reorganization is contemplated in a chapter 7 case.

         Although the debtors appear to have some equity in
the property, since the debtors were granted a discharge, the
motion for relief from the automatic stay is moot as to the
debtors. Thus, the motion will be denied.

         However, because the chapter 7 trustee filed a no
asset report, and filed no opposition to the motion, the motion
will be granted as to the trustee.

         An appropriate order will issue.

         Dated: January 27, 2006

UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Pavel & Lyubov Pilipchuk
7796 Megan Ann Way
Antelope, CA 95843

Brian DeAmicis
2200 L Street
Sacramento, CA 95816

Richard Hanf
P.O. Box 6499
Napa, CA 94581

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Julian Bach, Esq.
17011 Beach Blvd., Suite 300
Huntington Beach, CA 92647

Dated: 1/30/06

_____
Deputy Clerk